Oakley, J.
The plaintiffs in this case were merchants residing in New-York; the defendant, a merchant at Baltimore; and Frederick Rodewald, a brother of the defendant, was a merchant residing at Bremen. F. R. owned the ship Louise, and several shipments had been made from Bremen by that and other vessels, on the joint account of the plaintiffs, the defendant, and F. R. There was no general partnership existing between them, but they were jointly interested in the particular cargoes shipped. In the general course of the business, the plaintiffs always gave credit to the defendant, for the nett proceeds of the shipments made by F. R. his brother, on the joint account of the then houses. In the summer of 1826, a cargo of sheep, rags, &c. by the Louise, was received at New-York by the plaintiffs, shipped by F. R. on joint account. One Dunte, the agent of F. R., applied to the *353 plaintiffs to procure and ship a return cargo by the Louise to F. R., which they did, and charged the amount of their on that account to the defendant, and drew on him for the same at Baltimore. The first,draft was accepted; but a subsequent one was not. The defendant, however, promised to pay it at maturity, and not having done so, this action was brought on that promise, or for the monies expended by the plaintiffs in making the shipments to Bremen, they claiming to have made the same by the order of the defendant. The defendant admitted his liability to pay the amount of the draft, but claimed to be allowed, by way of set-off, the nett proceeds of the shipment made by the Louise from Bremen, then in the hands of the plaintiffs. The plaintiffs resist this set-off, on the ground that this demand on the defendant was for his individual debt due to them; and that the proceeds of the cargo from Bremen being on joint account, could not be set off against it.
The Judge at the trial ruled that such set-off could not be allowed, unless an express agreement was proved to have been made by the plaintiffs, to credit the defendant with the amount of the said cargo shipped from Bremen. The defendant offered evidence to establish such an agreement, and the jury found a verdict for the plaintiffs, for the balance due them, after allowing the set-off. The plaintiffs now move for a new trial. There appears to me no ground to question the correctness of the decision of the Judge. Though the general rule is, that demands growing out of partnership dealings, cannot be set off against individual demands on one of the partners, yet it was never doubted, that a special agreement might be made for such set-off.
In the present case, the jury have found, as I think upon sufficient evidence, that such agreement was made by the plaintiffs. The assent of F. R. to the arrangement for crediting to the defendant the entire nett proceeds of the cargo, may well be implied from the fact, that it had been the constant course of the business for the plaintiffs to credit to the defendant individually, the proceeds of all shipments made on joint account by F. R. The plaintiffs, after agreeing to give the credit to the defendant, *354 could not retract it, without showing that F. R. had interfered to disaffirm such credit, of which there is no evidence in the case.
The jury, in framing their verdict, appear, by a reference to the accounts annexed to the case, to have given the plaintiffs credit for the balance of their account-current with the defendant» as stated by themselves, and to have charged them with the nett proceeds of the shipment from Bremen by the Louise. This was in accordance with the justice of the case, and the agreement of the parties, as the jury must have found it, on the evidence, and I therefore see no reason for disturbing their verdict.
Motion for a new trial denied>
[D. D. Field, Att’y for the plff. S. Boyd, Att’y for the deft.]